IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GREGORY DEMETRIUS BRYANT, JR., an individual,<br><br>　　　　　Defendant. | Civil No. 21-00386 HG-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
COMMODITY FUTURES TRADING COMMISSION'S MOTION
FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION,
CIVIL MONETARY PENALTIES, AND OTHER STATUTORY
AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT

On September 15, 2021, Plaintiff Commodity Futures Trading Commission (the "Commission") filed a Complaint against Defendant Gregory Demetrius Bryant, Jr. ("Defendant"). ECF No. 1. The Complaint alleges that Defendant committed various violations of the Commodity Exchange Act 7 U.S.C. § 1, *et seq.* (the "Act"). On December 9, 2021, pursuant to Plaintiff's request, the Clerk of Court entered default against Defendant. ECF No. 15.

On January 10, 2022, Plaintiff filed a Motion for Final Default Judgment, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief ("Motion"). ECF No. 17. On January 27, 2022, the Court directed Plaintiff to a file a memorandum "explaining how Plaintiff purportedly completed service of process on [Defendant] and how its method of service satisfies the requirements under Federal Rule of Civil Procedure 4." ECF No. 20. Plaintiff timely filed its memorandum on February 10, 2022 ("Supplemental Brief"). ECF No. 21.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, Supplemental Brief, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion and SET ASIDE the entry of default.

BACKGROUND

The Commission "instituted this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), which supplies jurisdiction to the district courts of the United States to entertain actions brought by the Commission to enjoin violations of, or to enforce compliance with, the Act . . . ." ECF No. 21 at 2–3. The Commission alleges that Defendant resided in Hawaii for approximately the first half of the period relevant to the allegations in the Complaint. *Id.* at 3 (other citations

omitted) (citing ECF No. 1 at 6 ¶ 13).  According to the Commission, "Defendant's bank records show that, in early 2018, Defendant vacated the United States for a string of locations in South America and the Caribbean." *Id.* (citation omitted). The Commission asserts that an investigation supported by its Division of Enforcement "supports the conclusion that Defendant remains outside the country." *Id.* (citation omitted).

The Commission asserts that it completed service of process as to Defendant by serving a copy of the Complaint and Summons on NinjaTrader Clearing, LLC ("NinjaTrader").  ECF No. 10.  On December 9, 2021, pursuant to the Commission's request, the Clerk of Court entered default against Defendant.  ECF No. 15.  On January 10, 2021, the Commission filed the instant Motion.

## DISCUSSION

Federal Rule of Civil Procedure 4 allows for service of process by "delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). 17 C.F.R. § 15.05 provides that certain futures commission merchants can be deemed an agent of a foreign broker or trader for purposes of accepting delivery of any communication issued by or on behalf of the Commission to the foreign broker or trader:

3

> Any futures commission merchant who makes or causes to be made any futures contract or option contract for the account of any foreign broker or foreign trader . . . shall thereupon be deemed to be the agent of that foreign broker or the foreign trader for purposes of accepting delivery and service of any communication issued by or on behalf of the Commission to the foreign broker or the foreign trader with respect to any futures or option contracts which are or have been maintained in such accounts carried by the futures commission merchant.

17 C.F.R. § 15.05(b).  17 C.F.R. § 15.05 also provides that "the term 'communication' means any summons, complaint, order, . . . as well as any other written document or correspondence."  *Id.* § 15.05(a).

In its Supplemental Brief, the Commission asserts that Defendant is a foreign trader who, from abroad, "continues to actively trade his futures account at NinjaTrader, a registered [futures commission merchant ('FCM')]."  ECF No. 21 at 5 (citing ECF No. 17-2, Declaration of Elsie Robinson Pursuant to 28 U.S.C. § 1746 ("Robinson Declaration") at 9 ¶ 22).  The Commission thus contends that NinjaTrader is Defendant's agent under Regulation § 15.05(b) for purposes of accepting service of process in this case.  *Id.*

The Court has carefully reviewed the Motion and the Supplement, including the Robinson Declaration.  The Robinson Declaration contains statements from Elsie Robinson ("Robinson"), a Futures Trading Investigator for the Commission's Division of Enforcement.  Robinson Declaration at 1 ¶ 3.  Robinson assisted in the Division of Enforcement's investigation against Defendant.  *Id.* at 3 ¶ 8.

The Robinson Declaration sets forth the results of a survey conducted by the Division of Enforcement regarding trading accounts in the United States, including Defendant's accounts:

> During the investigation, the Division conducted a survey of U.S.-based FCMs and [Retail Foreign Exchange Dealers] to determine whether certain individuals and entities held futures, options on futures, forex, or other relevant trading accounts in the United States. . . . I reviewed the survey results, which revealed the following accounts, whose records I requested, reviewed, and analyzed as part of my duties in this matter:

| ACCOUNT HOLDER | TRADING FIRM AND ACCOUNT NUMBER | DATE RANGE |
|---|---|---|
| Bryant D Gregory Jr | TD Ameritrade Futures and Forex LLC xxxxx731 (futures) | 09/15/16 to 08/31/17 |
| Bryant D Gregory Jr | TD Ameritrade Futures and Forex LLC xxxxxxxx007 (forex) | 3/20/16 to 8/31/17 |
| Gregory D. Bryant | Interactive Brokers, LLC xxxxx633 | 11/15/17 to 6/30/18 |
| Gregory Bryant | Gain Capital LLC xxxxx925 | 04/13/17 to 06/30/17 |
| Gregory Bryant | Gain Capital LLC xxxxx005 | 02/22/18 to 05/04/19 |
| Gregory D. Bryant Jr | PhillipCapital xxx784 | 03/25/19 to 06/16/20 |
| Gregory D. Bryant | E*TRADE Futures xxxxx120 | 09/28/18 to 04/04/19 |

Robinson Decl. at 7–8 ¶ 20.  The Supplemental Brief—in a footnote—and the Robinson Declaration state that "FCM PhillipCapital previously held [Defendant's] futures trading account.  In August or September 2021, PhillipCapital transferred Defendant's account xxxx784 to NinjaTrader Clearing,

5

LLC, where it remained active as of the filing of the Complaint." ECF No. 21 at 5 n.1 (internal citations omitted) (citing Robinson Decl. at 7–9 ¶¶ 20–22).

The Court notes that, despite the Commission's assertion that Defendant's NinjaTrader account "remained active as of the filing of the Complaint," the foregoing chart in the Robinson Declaration does not list any activity for Defendant's NinjaTrader account. Nor does the Robinson Declaration otherwise indicate that Defendant used his NinjaTrader account for trading purposes. The Robinson Declaration merely states: "On August 31, 2021, [Defendant] . . . update[d] his mailing address on his NinjaTrader Clearing, LLC account from a Hawaii address to a Springfield, New Jersey address." Robinson Declaration at 9 ¶ 22. The Court also notes that PhillipCapital's purported transfer of Defendant's account to NinjaTrader (August or September 2021) was more than a year after the end of the date range listed for the PhillipCapital account (June 2020).

The Court finds that the information in the Commission's Motion and Supplement fails to establish that NinjaTrader made or caused to be made any futures contract option or option contract for the account of a foreign trader such that NinjaTrader is Defendant's agent for purposes of 17 C.F.R. § 15.05(b). The Court thus further finds that the Commission fails to establish that it properly served Defendant in accordance with Federal Rule of Civil Procedure Rule 4.

6

CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Final Default Judgment, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief (ECF No. 17). In light of the Court's finding that the Commission fails to establish that service was proper, the Court also RECOMMENDS that the district court SET ASIDE the entry of default.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 21, 2022.

Kenneth J. Mansfield
Unites States Magistrate Judge

*Commodity Futures Trading Commission v. Bryant*, Civil No. 21-00386 HG-KJM; Findings and Recommendation to Deny Plaintiff Commodity Futures Trading Commission's Motion for Final Default Judgment, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief and Set Aside Entry of Default