IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | CIVIL NO. 21-00386 HG-KJM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GREGORY DEMETRIUS BRYANT, JR., an individual, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT (ECF No. 23)**

**and**

**OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 27-1)**

**PROCEDURAL HISTORY**

On January 10, 2022, Plaintiff filed PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF.  (ECF No. 17).

On January 27, 2022, the Magistrate Judge directed Plaintiff to file a legal memorandum explaining how Plaintiff complied with service of process pursuant to Fed. R. Civ. P. 4.  (ECF No. 20).

On February 10, 2022, Plaintiff filed its Supplemental Brief.  (ECF No. 21).

On March 21, 2022, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT.  (ECF No. 23).

On April 4, 2022, Plaintiff filed a Motion for Reconsideration. (ECF No. 24).

On April 6, 2022, the Court referred back to the Magistrate Judge the Findings and Recommendation (ECF No. 23) and the Motion for Reconsideration (ECF No. 24).  (ECF No. 25).

On April 14, 2022, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT.  (ECF No. 26).

On April 18, 2022, Plaintiff filed a Motion for Leave to file Objections to the Findings and Recommendation (ECF No. 23).  (ECF No. 27).

On April 20, 2022, the Court granted Plaintiff's Motion for Leave to File Objections to the March 21, 2022 Findings and Recommendation (ECF No. 23).  (ECF No. 28).

The Court explained that it would consider both Plaintiff's April 4, 2022 filing (ECF No. 27-1) and its Motion to Reconsider (ECF No. 24) as Objections to the Magistrate Judge's March 21, 2022 Findings and Recommendation (ECF No. 23).  (ECF No. 28).

**STANDARD OF REVIEW**

When a party objects to a Magistrate Judge's Findings and Recommendation, the District Court must review de novo the portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely consider the matter anew as if no decision had been rendered below. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

**ANALYSIS**

**I.  The Court May Not Enter Default Judgment Unless The Defendant Has Been Served Pursuant To Fed. R. Civ. P. 4**

Federal Rule of Civil Procedure 55(b)(1) permits the entry of default judgment by the Clerk when the Plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Otherwise, Plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2).

The granting or denial of a Motion for Default Judgment is within the discretion of the Court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject-matter jurisdiction over an action and personal jurisdiction over the Defendant. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The Ninth Circuit Court of Appeals has explained that such an examination is necessary to avoid entering a default judgment that can later be successfully attacked as void. Id.

A federal court is without personal jurisdiction over a Defendant unless the Defendant has been served in accordance with Federal Rule of Civil Procedure 4. Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

**II. Plaintiff Has Not Demonstrated Personal Jurisdiction Over The Defendant And Compliance With Fed. R. Civ. P. 4**

    **A. Due Process Requires Plaintiff To Serve The Defendant In A Manner Reasonably Likely To Result In Actual Notice**

The Court lacks the power to assert personal jurisdiction over the Defendant unless the procedural requirements of

4

effective service of process are satisfied.  <u>SEC v. Ross</u>, 504 F.3d 1130, 1138 (9th Cir. 2007).  Due process of law requires that defendants be afforded notice of proceedings involving their interests and an opportunity to be heard.  This requires "notice reasonably calculated, under all the circumstances," to apprise interested parties of pendency of the action and to "afford them an opportunity to present their objections."  <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950).

Due process requires a method of service likely to result in the Defendant receiving actual notice.  The United States Supreme Court has explained that the "means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  <u>Id.</u> at 315.  Extraordinary efforts are not constitutionally required, but Plaintiff must undertake reasonably diligent efforts to locate the Defendant.  <u>Mennonite Bd. of Missions v. Adams</u>, 462 U.S. 791, 799-800 (1983).

### B.   Plaintiff Has Failed To Demonstrate Full Compliance With 17 C.F.R. § 15.05

Here, Plaintiff filed a Complaint against Defendant, alleging the Defendant committed various violations of the Commodity Exchange Act, 7 U.S.C. § 1, <u>et seq.</u>  (Complaint, ECF No. 1).

According to Plaintiff, "[Defendant] Bryant's bank records show that he no longer lives in Hawaii and that he relocated to the Dominican Republic in approximately 2018.  Confidential

5

information received by [Plaintiff] confirms that [Defendant] Bryant continues to reside in the Dominican Republic." (Declaration of Elsie Robinson at ¶ 11, attached as Ex. 2 to Pla.'s Motion for Default Judgment, ECF No. 17-2).

Plaintiff did not personally serve Defendant with the Complaint. Rather, Plaintiff attempts to rely on 17 C.F.R. § 15.05 in support of its compliance with service of process for which it seeks Default Judgment against the Defendant.

17 C.F.R. § 15.05 provides that certain futures commission merchants can be deemed an agent of a foreign trader for purposes of accepting service on behalf of the Plaintiff to the foreign trader:

> Any futures commission merchant who makes or causes to be made any futures contract or option contract for the account of any foreign broker or foreign trader ... shall thereupon be deemed to be the agent of the foreign broker or the foreign trader for purposes of accepting delivery and service of any communication issues by or on behalf of the Commission to the foreign broker or the foreign trader with respect to any futures or option contracts which are or have been maintained in such accounts carried by the futures commission merchant.

17 C.F.R. § 15.05(b).

Plaintiff asserts that it served the Summons, Complaint, and other case-related documents by delivering them to a Futures Commission Merchant named "NinjaTrader." (Pla.'s Objections at ¶ 3, ECF No. 27-1).

The Declaration of Elsie Robinson that was filed in support of Plaintiff's Motion for Default Judgment set forth seven separate Futures Commission Merchant Accounts that it believed

6

Defendant operated as a foreign trader. (Robinson Decl. at ¶ 20, ECF No. 17-2). None of the accounts were NinjaTrader accounts.

The Magistrate Judge properly found that Plaintiff failed to establish that the Court has personal jurisdiction over the Defendant when it failed to demonstrate that service upon NinjaTrader complied with the requirements of Federal Rule of Civil Procedure 4.

In response, Plaintiff attempted to explain why it only served NinjaTrader and not any of the Futures Commission Merchants that permitted Defendant to operate the seven accounts listed in the Declaration which Plaintiff submitted in support of its Motion for Default Judgment.

Plaintiff provided a Declaration of Brian Sass, Chief Compliance Officer of NinjaTrader Clearing LLC, in an attempt to establish that NinjaTrader was Defendant's agent for purposes of 17 C.F.R. § 15.05. (Declaration of Brian Sass, attached as Ex. 1 to Pla.'s Motion to Reconsider, ECF No. 24-1). The Declaration states that Defendant made future trades using a NinjaTrader account in September and October 2021, at the same time NinjaTrader was served. (Id. at ¶ 6-7; see Summons, ECF No. 10). The Declaration provides no information as to any actions or communications by NinjaTrader to Defendant.

The Magistrate Judge properly rejected Plaintiff's request for reconsideration. The Magistrate Judge explained that the information in Mr. Sass' Declaration was previously available and that reconsideration was not warranted based on evidence that

could have been presented at the time Plaintiff sought Default Judgment.

In its Objections, Plaintiff again states that it believes service was sufficient because Mr. Sass asserts that Defendant had a trading account at NinjaTrader at the time of service. (Objections at ¶ 8, ECF No. 27-1).

The Declaration of Mr. Sass is insufficient to support Plaintiff's request.  17 C.F.R. § 15.05(b) requires that a Futures Commission Merchant, such as NinjaTrader, who has been served with a Complaint and Summons by the Plaintiff as the agent of a foreign broker "shall transmit the communication promptly and in a manner which is reasonable under the circumstances, or in a manner specified by the Commission in the communication, to the foreign broker...."

The Declaration of Mr. Sass does not address any actions by NinjaTrader to communicate the Complaint and Summons to Defendant.  The Declaration simply states that Defendant held an account with NinjaTrader.  There is no evidence that NinjaTrader ever provided notice to the Defendant as required pursuant to 17 C.F.R. § 15.05.  The Declaration from Mr. Sass does not establish that Plaintiff or NinjaTrader complied with all of the requirements in 17 C.F.R. § 15.05.

> **C. Plaintiff Has Failed To Demonstrate It Acted With Reasonable Diligence In Attempting To Serve The Defendant**

Plaintiff has not sufficiently demonstrated that it acted in

a manner "reasonably calculated, under all the circumstances" to serve Defendant and to afford him an opportunity to be heard. Mullane, 339 U.S. at 314.  Plaintiff relies only on a portion of 17 C.F.R. § 15.05.  Plaintiff ignores its duty to act diligently in order to comply with Fed. R. Civ. P. 4.

A review of the caselaw demonstrates that Courts have found default judgment may be appropriate where the Commodity Futures Trading Commission acted diligently to serve a foreign trader. While service pursuant to 17 C.F.R. § 15.05 has been considered, Courts require reasonable diligence in serving a foreign trader and have often found service by more than one method may be appropriate to ensure personal jurisdiction.  See Commodity Futures Trading Comm'n v. Marcus, 2016 WL 5339715, *1 (N.D. Ill. July 27, 2016) (Plaintiff served the defendant both pursuant to 17 C.F.R. § 15.05 and pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i) by serving the defendant personally at his foreign residence); see also Commodity Futures Trading Comm'n v. Thomas, 2017 WL 3616441, *1 (M.D. N.C. Apr. 11, 2017) (finding the defendant was served both via 17 C.F.R. § 15.05 and via publication).

Plaintiff has failed to demonstrate that it has undertaken reasonably diligent efforts to locate the Defendant and to comply with Fed. R. Civ. P. 4.  Mennonite Bd. of Missions, 462 U.S. at 795-96.

Plaintiff has failed to demonstrate that the Court has personal jurisdiction over the Defendant.  The Court is unable to grant Plaintiff's Motion for Default Judgment without personal

9

jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1, the FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT (ECF No. 23) are **ADOPTED** as the opinion and order of this Court and Plaintiff's Objections (ECF No. 27-1) are **OVERRULED**.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 31, 2022.

Helen Gillmor
United States District Judge

Commodity Futures Trading Commission v. Gregory Demetrius Bryant, Civ. No. 21-00386 HG-KJM; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AND SET ASIDE ENTRY OF DEFAULT (ECF No. 23) AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 27-1)**